IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

JASON E. MASHANEY,

                Petitioner,

       v.                       CASE NO.  07-3002-SAC

RAY ROBERTS,
et al.,

                Respondents.

<u>MEMORANDUM AND ORDER</u>

This action was submitted on forms as a petition for writ of habeas corpus pursuant to 28 U.S.C. 2254 by an inmate of the El Dorado Correctional Facility, El Dorado, Kansas (ECF). Mr. Mashaney paid the $5.00 filing fee. He complains of disciplinary action taken against him at the ECF.

As the factual basis for this action, Mr. Mashaney alleges he was found guilty on August 11, 2006, of two disciplinary infractions: disobeying orders, and insubordination or disrespect to an officer. He was sanctioned with a total of 21 days in disciplinary segregation and fines totaling $20. He complains that the hearing officer refused to call a witness requested by him that could have cleared him of any wrongdoing. Mashaney alleges the proposed witness, his Unit Team Manager Mr. Sapien, told him to go talk to "the officer in question" and attempt to resolve a grievance before going to the captain's office about it. Mashaney alleges he went to the officer in charge (OIC) but was unable to resolve the matter, so he next went to the captain's office. He claims he was then given a disciplinary report and punished in retaliation for going to the "OIC's superior officer." He asserts he was only "doing as he was told." He states the reporting officer, who

testified at the hearing, lied or "misspoke (sic)" that Mr. Mashaney did not have permission from her or her staff to exit the cell house that day.

Based upon these allegations, Mr. Mashaney claims[1] he was denied due process in that he is actually innocent, it was a "legal impossibility," his rights to express how he felt and to seek redress of his grievance were violated, and the truth was not established. Mr. Mashaney asks that his disciplinary convictions be overturned, and for "nominal and punitive" for civil rights violations[2].

Mashaney asserts he exhausted his administrative remedies by appealing his disciplinary convictions to the Warden and the Secretary of Corrections, who denied relief. He admits, however, that he did not raise his constitutional claims as grounds for his appeal. He argues it was sufficient that he set forth all his factual allegations because the grounds should have been "plain" from those facts. He also complains he did not have "meaningful access" during his administrative appeal, in that he was not provided with staff or inmate assistance[3].

Having considered all the materials filed by Mr. Mashaney, the

---

[1]     Mashaney additionally claims he was denied equal protection of the law, and briefly mentions failure to train and oversee officers, as well as "cruel and unusual sentence." These conclusory claims are not supported by any factual allegations, and shall not be considered further. Mashaney's claim that mandatory policies and procedures under the Kansas Administrative Regulations were violated will also not be considered. It is not supported by facts, and a violation of state law is not grounds for relief in federal court.

[2]     Even though Mashaney does not say the word damages, the court assumes "nominal and punitive" refers to money damages.

[3]     It does not appear that Mr. Mashaney has adequately pled exhaustion of administrative remedies on any federal constitutional claims or on his allegation that he was not provided meaningful administrative review. This case is disposed of on other grounds.

court finds his attacks on his disciplinary convictions are not properly raised in a habeas corpus petition under 28 U.S.C. § 2254, because they are not a collateral attack upon the fact or duration of his confinement. See Wolff v. McDonnell, 418 U.S. 539, 554-55 (1974); Preiser v. Rodriquez, 411 U.S. 475, 499-500 (1973). Nor does he state a habeas corpus claim under 28 U.S.C. 2241, since he did not lose good time as a result of the challenged disciplinary actions.

It would be more appropriate to classify this action as a civil rights complaint under 42 U.S.C. 1983. Id. Pursuant to Sandin v. Conner, 515 U.S. 472, 487 (1995), a prisoner is entitled to due process before being subjected to disciplinary actions which "inevitably affect the duration of his sentence." However, the sanctions complained of by plaintiff in this case are not the type to affect the duration of his sentence, and therefore are not shown to implicate federal due process. See Sandin, 515 U.S. at 486. In Sandin, the United States Supreme Court held that no federal issue is involved unless an inmate receives a penalty that is atypical and outside the normal range of penalties an inmate could expect in the prison setting. Id. (prison discipline and punishment are ordinary conditions of prison life and not atypical hardships.) It thus appears that no federal civil rights violation is presented by Mr. Mashaney's allegations.

If the court now construed this action as a civil rights complaint under 42 U.S.C. 1983, and dismissed it for failure to state a claim, Mr. Mashaney would be obligated to pay the filing fee for a civil rights action of $350.00, instead of the $5 for a habeas corpus action he has already paid. The court finds it judicious to

hold that Mr. Mashaney fails to state a claim for federal habeas corpus relief.

**IT IS THEREFORE ORDERED that this action is dismissed and all relief denied.**

**IT IS SO ORDERED.**

**Dated this 18th day of January, 2007, at Topeka, Kansas.**

s/Sam A. Crow
U. S. Senior District Judge